# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

___

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 16-20270-JTF-tmp |
| **RAJEAN BALL,** | ) ) | |
| Defendant. | ) | |

___

### REPORT AND RECOMMENDATION
___

Before the court is defendant Rajean Ball's Motion to Suppress, filed on February 10, 2017. (ECF No. 17.) The government filed its response on February 22, 2017, and Ball filed a reply on March 10, 2013. (ECF Nos. 21, 28.) Pursuant to an order of reference, on March 28, 2017, the undersigned magistrate judge conducted a suppression hearing. The court received into evidence the search warrant and supporting affidavit at issue in the motion, and heard oral argument from the parties. Neither party called any witnesses at the hearing. For the following reasons, it is recommended that the Motion to Suppress be denied.

### I. PROPOSED FINDINGS OF FACT

On May 23, 2016, Detective Chris Owens of the Memphis Police Department ("MPD") swore out an affidavit for a search

warrant for a residence located on Nadine Drive in Memphis, Tennessee ("the Nadine residence"). The affidavit, which sought the seizure of heroin, drug records, and drug proceeds, stated as follows:

> Your affiant[] . . . has worked for the [MPD] for over thirteen years and is currently assigned to the Organized Crime Unit and ha[s] participated in numerous search warrants, narcotics arrests, narcotics seizures and investigations which have resulted in the seizure of controlled substances, firearms, drug paraphernalia, and drug records. The affiant has been trained in the detection and investigation of narcotics both state and federally.
>
> Your affiant has received information from a reliable confidential source that has been used on several different occasions and is responsible for the seizure of 18.1 grams of crack cocaine, 55.7 grams of marijuana (THC), 1.1 grams of Heroin, and over $2,500 in currency two felony arrests and two misdemeanor arrests. This reliable confidential source has also given Detectives information that was corroborated through investigations and found to be true and correct. In the past five days Detectives conducted mobile surveillance and observed Rajean Glen Hardy Ball leave [the Nadine residence] driving a 2000 Grey GMC Yukon with TN License Plate Number J8245W drive to a nearby location to sale [sic] Heroin to a Confidential Source then return home to [the Nadine residence] after the transaction.
>
> Your affiant from training and experience recognizes this practice to be consistent with that of illegal drug sales and individual[s] who sale [sic] illegal drugs often make drug deals on their cellular phones in the form of text messages. This occurred in Memphis, Shelby County, Tennessee.

(Ex. 1.) A Shelby County General Sessions Court Judicial Commissioner signed the warrant on May 23, 2016.

In his Motion to Suppress, Ball contends his Fourth

Amendment rights were violated because the search warrant affidavit did not establish probable cause to search the Nadine residence for heroin, drug records, and drug proceeds.[1] Ball further contends that the Leon good-faith exception to the exclusionary rule should not apply because the search warrant affidavit was so lacking in indicia of probable cause that no law enforcement officer could reasonably rely on it.

## II. PROPOSED CONCLUSIONS OF LAW

**A. Probable Cause**

Ball argues the search of the Nadine residence violated his Fourth Amendment rights because the search warrant was not supported by probable cause. Specifically, Ball contends the affidavit failed to establish a sufficient nexus between the place to be searched and the items to be seized. The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. To determine if probable cause exists, the task of the issuing judicial officer is "to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of

---

[1] It is not clear from the record exactly what evidence was seized by the police pursuant to the search warrant.

a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983); see also United States v. Franklin, 622 F. App'x 501, 508 (6th Cir. 2015). "The standard of review for the sufficiency of an affidavit 'is whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited.'" United States v. Greene, 250 F.3d 471, 478 (6th Cir. 2001) (quoting United States v. Davidson, 936 F.2d 856, 859 (6th Cir. 1991)); see also United States v. Ugochukwu, 538 F. App'x 674, 678 (6th Cir. 2013). "There must, in other words, be a 'nexus between the place to be searched and the evidence sought.'" United States v. Carpenter, 360 F.3d 591, 594 (6th Cir. 2004) (en banc) (quoting United States v. Van Shutters, 163 F.3d 331, 336-37 (6th Cir. 1998)).

Search warrant affidavits must be judged based on the totality of the circumstances, rather than line-by-line scrutiny. United States v. Baechtle, No. 2:13-cr-20054-SHM, 2015 WL 893348, at *7 (W.D. Tenn. Mar. 2, 2015) (citing United States v. Johnson, 351 F.3d 254, 258 (6th Cir. 2003)). Review of the sufficiency of the evidence supporting probable cause is limited to the information presented in the four corners of the affidavit. United States v. Brooks, 594 F.3d 488, 492 (6th Cir. 2010). A judicial officer may rely on hearsay evidence in determining whether probable cause exists for issuing a search

warrant. United States v. Helton, 314 F.3d 812, 819 (6th Cir. 2003). "When confronted with hearsay information from a confidential informant or an anonymous tipster, a court must consider the veracity, reliability, and the basis of knowledge for that information as part of the totality of the circumstances for evaluating the impact of that information." Id. (citing Gates, 462 U.S. at 238). "While independent corroboration of a confidential informant's story is not a *sine qua non* to a finding of probable cause, . . . in the absence of any indicia of the informant[s'] reliability," the affidavit must "contain substantial independent police corroboration." United States v. Coffee, 434 F.3d 887, 893 (6th Cir. 2006) (citing United States v. Frazier, 423 F.3d 526, 532 (6th Cir. 2005) (alterations in original)).

The court finds the facts in this case to be substantially similar to those in United States v. Ellison, 632 F.3d 347 (6th Cir. 2011). In Ellison, the court considered a search warrant affidavit that stated in relevant part:

> [within the past seventy-two hours] . . . The [confidential informant] observed "Short" exit a side door of the residence and meet with "Red." While standing outside, "Short" did give "Red" a large quantity of cocaine in a plastic bag. After the deal was completed "Short" went backing [sic] into the residence and "Red" left the property.

Id. at 348. The court concluded that the warrant to search the residence was supported by probable cause, stating that "these

-5-

incriminating actions are inextricably connected to the residence" and "[c]ommission of a drug transaction outside of a house and one participant's walking back into the house . . . plainly demonstrated a sufficient nexus with the house." Id. at 349. In this case, the affidavit can be reasonably read to provide that, within the last five days, MPD detectives observed Ball leave his residence on Nadine, drive to a nearby location to sell heroin to a reliable confidential source, and then return home. While the heroin sale in this case did not take place right outside of the Nadine residence, the heroin sale took place at a nearby location, and the detectives surveilled Ball when he left his home and when he returned. To the extent Ball challenges the reliability of the confidential source, the court finds that the affidavit sufficiently established the source's reliability. The affidavit stated that the confidential source had been used on several occasions and was responsible for the seizure of crack cocaine, marijuana, heroin, and over $2,500, as well as two felony arrests and two misdemeanor arrests. Finally, the affidavit in this case asserted that Ball lives at the Nadine residence, whereas the affidavit in Ellison did not "name the person selling the drugs or the owner of the property."[2] Id. Under the totality of the

---

[2] In United States v. White, No. 2:14-CR-20018-JTF, 2014 WL 5822848, (W.D. Tenn. Nov. 10, 2014), this court found no

circumstances, the court finds that the facts in the affidavit establish a sufficient nexus between the Nadine residence and drug-related items to be seized. The warrant to search the Nadine residence was therefore supported by probable cause.

**B. Good-Faith Exception**

Even if the court were to find that the search warrant was not supported by probable cause, the court would nevertheless conclude that the evidence discovered pursuant to the search should not be suppressed at trial, because the detectives' reliance on the warrant was objectively reasonable. See United States v. Leon, 468 U.S. 897, 922 (1984). The exclusionary rule is a "prudential doctrine" created by the Supreme Court to compel respect for the protections of the Fourth Amendment. Davis v. United States, 564 U.S. 229, 236 (2011). "Exclusion is not a personal constitutional right, nor is it designed to redress the injury occasioned by an unconstitutional search." Id. (citing Stone v. Powell, 428 U.S. 465, 486 (1976)). The

---

probable cause to search a residence based on an affidavit alleging that the defendant engaged in a controlled purchase of marijuana in the driveway of the residence and subsequently drove away. The court emphasized that "the affidavit at no point provides information that the property is Defendant's residence, that the Defendant was ever seen entering or exiting the residence, or that the Defendant has any connection or interest in it whatsoever." Id. at *4. Unlike in White, the affidavit in this case stated that the detectives observed Ball leave the residence before the heroin sale and return to the residence afterwards, and that the Nadine residence was Ball's "home."

Court has "repeatedly held" that "the rule's sole purpose . . . is to deter future Fourth Amendment violations." Id. (internal citations omitted); see Herring v. United States, 555 U.S. 135, 140 (2009) ("The fact that a Fourth Amendment violation occurred . . . does not necessarily mean that the exclusionary rule applies. Indeed, exclusion 'has always been our last resort, not our first impulse.'") (internal citations omitted). After Davis and Herring, "only police conduct that evidences a deliberate, reckless, or grossly negligent disregard for Fourth Amendment rights may outweigh the resulting costs. By contrast, where police act with an objectively reasonable good-faith belief . . . exclusion cannot pay its way." United States v. Kinison, 710 F.3d 678, 685 (6th Cir. 2013) (internal citations omitted). As the Sixth Circuit stated in United States v. Justice:

> Because the sole purpose of the exclusionary rule is to deter future Fourth Amendment violations, a criminal defendant must do more than demonstrate that the police violated the Fourth Amendment. He must show that suppressing the evidence will yield [r]eal deterrent value. That burden is especially relevant when officers follow the constitutionally preferred route, namely presenting evidence of illegal activity to a neutral magistrate who finds probable cause and issues a search warrant. To suppress the fruits of such a search, a defendant must show that, despite the magistrate's authorization, the police could not have relied on the warrant in good faith.

United States v. Justice, 461 F. App'x 415, 417 (6th Cir. 2012) (internal citations omitted) (alteration in original).

In Leon, the Supreme Court "identified four specific situations in which an officer's reliance on a subsequently invalidated warrant could not be considered to be objectively reasonable." Laughton, 409 F.3d 744, 748 (6th Cir. 2005) (citing Leon, 468 U.S. at 922-23). The only argument Ball raises is that "the affidavit is so lacking in indicia of probable cause that a belief in its existence is objectively unreasonable . . . ." Id. "Affidavits that are 'so lacking in indicia of probable cause' have come to be known as 'bare bones' affidavits." Id. (citing United States v. Weaver, 99 F.3d 1372, 1378 (6th Cir. 1996); Van Shutters, 163 F.3d at 337). A "bare bones" affidavit contains only "suspicions, beliefs, or conclusions without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge . . . ." Id. (citing Weaver, 99 F.3d at 1378). An affidavit is not bare bones if it contains "a minimally sufficient nexus between the illegal activity and the place to be searched to support an officer's good-faith belief in the warrant's validity, even if the information provided was not enough to establish probable cause." Carpenter, 360 F.3d at 596 (citing Van Shutters, 163 F.3d at 336). "This is a less demanding showing than the 'substantial basis threshold required to prove the existence of probable cause in the first place.'" Id. at 595 (quoting United States v. Bynum, 293 F.3d 192, 195

(4th Cir. 2002)).

For the same reasons discussed in the probable cause analysis above, the court finds that the affidavit was not so lacking in indicia of probable cause so as to render a belief in its existence objectively unreasonable. Accordingly, any evidence seized during the search of the Nadine residence should not be suppressed.

## III. RECOMMENDATION

For the reasons described above, it is recommended that the Motion to Suppress be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

May 5, 2017
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**