# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cr-20270-JTF-tmp |
| | ) | |
| RAJEAN BALL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Rajean Ball's ("Defendant") Motion to Suppress filed on February 10, 2017. (ECF No. 17). The United States of America (the "Government") filed its Response on February 22, 2017, and Defendant filed a Reply on March 10, 2013. (ECF Nos. 21 & 28). On February 27, 2017, this Court referred the instant motion to a Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b). (ECF No. 24). The Magistrate Judge issued a Report and Recommendation on Defendant's Motion to Suppress on May 5, 2017. (ECF No. 33). Defendant filed Objections to the Magistrate Judge's Report and Recommendation on May 19, 2017. (ECF No. 34). The Government filed a Response in Opposition to Defendant's Objections on June 1, 2017. (ECF No. 37). After a *de novo* review, the Court finds that the Report and Recommendation should be Adopted.

## STANDARD OF REVIEW

The Court may refer a motion to suppress in a criminal matter to a magistrate judge for the purpose of conducting an evidentiary hearing and to submit proposed findings of fact and

1

recommendations for the disposition of the motion. 28 U.S.C. § 636(b)(1)(B). The Court must "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to conduct a *de novo* evidentiary hearing as part of its *de novo* review. *United States v. Raddatz*, 447 U.S. 667, 674 (1980). After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

## ANALYSIS

Defendant has presented three objections to the Report and Recommendation: 1) A factual objection that the Magistrate Judge did not address number of Confidential Sources; 2) A legal objection to the Magistrate Judge's finding of probable cause; and 3) a legal objection to the application of the Good-faith exception.

### 1. Factual Objection- number of Confidential Sources.

The Defendant objects to the Magistrate Judge's Proposed Findings of Fact insofar as that they do not address the number of alleged confidential sources enumerated in the search warrant affidavit at issue. Specifically, Defendant argues that "[a] finding of fact as to this issue is directly relevant to whether or not the Confidential Source(s) were credible and why so as to support a finding of probable cause, and whether or not Detective Owens' reliance on the warrant was objectively reasonable." (ECF No. 34 at 2). The warrant affidavit, in relevant part, stated:

> Your affiant has received information from a reliable confidential source that has been used on several different occasions and is responsible for the seizure of 18.1 grams of crack cocaine, 55.7 grams of marijuana (THC), 1.1 grams of Heroin, and over $2,500 in currency two felony arrests and two misdemeanor arrests. This reliable confidential source has also given Detectives information that was corroborated through investigations and found to be true and correct. In the past

five days Detectives conducted mobile surveillance and observed Rajean Glen Hardy Ball leave [his residence] driving a 2000 Grey GMC Yukon with TN License Plate Number J8245W drive to a nearby location to sale [sic] Heroin to a Confidential Source and then return home to [his residence] after the transaction.

After a review of the Magistrate Judge's factual findings, Defendant's factual objections, and the Government's Response, the Court finds that Defendant's factual objection should be overruled. Defendant's speculation that there may have been a second confidential informant in this case is of no consequence. As noted below, police officers who draft search warrant affidavits are held to a less demanding standard, and reviewing judicial officers are required to review such affidavits with common sense. The question must be asked: why would Detective Owens go to great length to include credibility and reliability information in the affidavit about one confidential source and in the same paragraph fail to include such information about a second? A common sense reading of the entire affidavit leads to the inescapable conclusion that there was only one confidential source. The detective utilized "a" reliable informant to gain the underlying information that was subsequently corroborated by investigation. Furthermore, during the investigation, the officers "observed" Defendant drive to a nearby location to sell heroin to the confidential source and then return to his residence after the transaction.

2. **Legal Objection - Probable Cause**

Defendant objects to the conclusion that the warrant to search his residence was supported by probable cause because the affidavit failed to establish a sufficient nexus between the place to be searched and the items to be seized. The Government simply responds that the search warrant is supported by probable cause, and a hyper technical review of the affidavit is inappropriate.

The Fourth Amendment guarantees people the right to be free from unreasonable searches and seizures and to be secure in their homes and personal effects. U.S. Const. amend

IV. The Fourth Amendment also requires probable cause in order to issue a warrant. *Id.* "Probable cause is described as a fair probability-not an absolute certainty-that evidence of the crime will be found at the location." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). A court reviews the determination of probable cause made by a judge with great deference and will reverse the decision only when arbitrarily made. *United States v. Johnson*, 351 F.3d 254, 258 (6th Cir. 2003). In reviewing the sufficiency of the evidence supporting probable cause, the Court is limited to examining the information contained within the four corners of the affidavit but must examine said information in light of the "totality of the circumstances." *United States v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2014) (quoting *Gates*, 462 U.S. at 239).

> A policeman's affidavit should not be judged as an entry in an essay contest, . . . but, rather, must be judged by the facts it contains. While a bare statement by an affiant that he believed the informant to be truthful would not, in itself, provide a factual basis for crediting the report of an unnamed informant, we conclude that the affidavit in the present case contains an ample factual basis for crediting the report of an unnamed informant which, when coupled with affiant's own knowledge of the respondent's background, afforded a basis upon which a magistrate could reasonably issue a warrant.

*United States v. Harris*, 403 U.S. 573, 578 (1971) (internal citations and quotations omitted).

A judicial officer may rely on hearsay evidence in determining whether probable cause exists for issuing a search warrant. *United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003). "When confronted with hearsay information from a confidential informant or an anonymous tipster, a court must consider the veracity, reliability, and the basis of knowledge for that information as part of the totality of the circumstances for evaluating the impact of that information." *Id.* (citing Gates, 462 U.S. at 238). "While independent corroboration of a confidential informant's story is not a *sine qua non* to a finding of probable cause, … in the absence of any indicia of the informant[s'] reliability," the affidavit must "contain substantial

independent police corroboration." *United States v. Coffee*, 434 F.3d 887, 893 (6th Cir. 2006) (citing *United States v. Frazier*, 423 F.3d 526, 532 (6th Cir. 2005) (alterations in original)).

Here, the Magistrate Judge found the facts in this case to be substantially similar to those in *United States v. Ellison*, 632 F.3d 347 (6th Cir. 2011). In *Ellison*, a detective applied for a warrant to search a house. *Id.* at 348. The detective relied in part on a tip from a confidential informant who was known to be reliable because of his assistance to the police in the past. *Id.* The informant stated that he had observed, within the past seventy-two hours, "two males known to the informant as "Red" and "Short" meet outside of a residence on Cedar Circle in Nashville, Tennessee, and complete a drug transaction." *Id.* The *Ellison* court considered a search warrant affidavit that, in relevant part, stated:

> [within the past seventy-two hours] . . . The [confidential informant] observed "Short" exit a side door of the residence and meet with "Red." While standing outside, "Short" did give "Red" a large quantity of cocaine in a plastic bag. After the deal was completed "Short" went backing [sic] into the residence and "Red" left the property.

*Id.* at 348. The court concluded that probable cause existed because "the warrant affidavit established a nexus between the place to be searched and the evidence sought. Commission of a drug transaction outside of a house and one participant's walking back into the house, as observed in this case, plainly demonstrated a sufficient nexus with the house." *Id.* at 349 (internal citations omitted).

Defendant asserts that the confidential informant in *Ellison* was alleged to have observed a transaction involving a large quantity of cocaine in a plastic bag, and that the informant's credibility was not questioned. Defendant argues that, in the instant matter, nothing is provided to inform the issuing magistrate how Detective Owens knew there was a heroin transaction. Specifically, Defendant states that (1) no quantities were provided, and it is not alleged to be a

5

controlled purchase; (2) no recovery of the alleged heroin is mentioned; and (3) no separate, reliable individual provides any information to confirm the subject of the transaction. In reaching his decision, the Magistrate Judge, in relevant part, stated:

> In this case, the affidavit can be reasonably read to provide that, within the last five days, MPD detectives observed Ball leave his residence on Nadine, drive to a nearby location to sell heroin to a reliable confidential source, and then return home. While the heroin sale in this case did not take place right outside of the Nadine residence, the heroin sale took place at a nearby location, and the detectives surveilled Ball when he left his home and when he returned. To the extent Ball challenges the reliability of the confidential source, the court finds that the affidavit sufficiently established the source's reliability. The affidavit stated that the confidential source had been used on several occasions and was responsible for the seizure of crack cocaine, marijuana, heroin, and over $2,500, as well as two felony arrests and two misdemeanor arrests. Finally, the affidavit in this case asserted that Ball lives at the Nadine residence, whereas the affidavit in *Ellison* did not "name the person selling the drugs or the owner of the property." Under the totality of the circumstances, the court finds that the facts in the affidavit establish a sufficient nexus between the Nadine residence and drug-related items to be seized. The warrant to search the Nadine residence was therefore supported by probable cause.

(ECF No. 33 at 6-7).

After a *de novo* review, this Court also finds under the totality of the circumstances that the warrant to search the Nadine residence was supported by probable cause. The Confidential Source's reliability and credibility were established in the affidavit. Also, the officers watched Ball as he engaged in drug activity with the Source. Clearly, the affidavit was supported by probable cause.

3. **Good-Faith Exception**

As previously stated, Defendant also objects to the Magistrate Judge's conclusion that "the detective's reliance on the warrant was objectively reasonable" even if the warrant was not supported by probable cause. (ECF No. 34 at 7). Specifically, the Magistrate Judge found that even if the warrant at issue was not supported by probable cause, it met the less demanding

standard under the good-faith exception of the exclusionary rule. *See United States v. Leon*, 468 U.S. 897 (1984).

"Exclusion is not a personal constitutional right, nor is it designed to redress the injury occasioned by an unconstitutional search." *Davis v. United States*, 564 U.S. 229, 236 (2011) (citing *Stone v. Powell*, 428 U.S. 465, 486 (1976)).

> Because the sole purpose of the exclusionary rule is to deter future Fourth Amendment violations, a criminal defendant must do more than demonstrate that the police violated the Fourth Amendment. He must show that suppressing the evidence will yield [r]eal deterrent value. That burden is especially relevant when officers follow the constitutionally preferred route, namely presenting evidence of illegal activity to a neutral magistrate who finds probable cause and issues a search warrant. To suppress the fruits of such a search, a defendant must show that, despite the magistrate's authorization, the police could not have relied on the warrant in good faith.

*United States v. Justice*, 461 F. App'x 415, 417 (6th Cir. 2012) (internal citations omitted) (alteration in original).

The Supreme Court has acknowledged four exceptions to the good-faith rule: "1) The supporting affidavit contains information the affiant knew or should have known is false; 2) the issuing magistrate lacked neutrality and detachment; 3) the affidavit is devoid of information that would support a probable cause determination making any belief that probable cause exists completely unreasonable; or 4) the warrant is facially deficient." *United States v. Helton*, 314 F.3d 812, 824 (6th Cir. 2003) (citation omitted). Defendant argues that Detective Owens' affidavit in support of the warrant references two possible confidential sources, neither one of which can be deemed credible. Additionally, Defendant contends that "the allegation of a possible heroin sale, without providing any information regarding and/or verification of said sale, results in the affidavit lacking in indicia of probable cause to the extent that neither Detective Owens, nor any reasonable police officer, could, in good faith, believe that the affidavit as

presented amounted to a showing of probable cause on which to issue a search warrant." (ECF No. 34 at 7-8).

Essentially, Defendant argues that the affidavit was a "bare bones" affidavit, and no reasonable officer could rely on it. *See United States v. Van Shutters*, 163 F.3d 331, 337 (6th Cir. 1998) (citing *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1996) (explaining that a "bare bones" affidavit contains only suspicions, beliefs, or conclusions without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge). An affidavit is not bare bones if it contains "a minimally sufficient nexus between the illegal activity and the place to be searched to support an officer's good-faith belief in the warrant's validity, even if the information provided was not enough to establish probable cause." *United States v. Carpenter*, 360 F.3d 591, 596 (6th Cir. 2004) (citing *Van Shutters*, 163 F.3d at 336).

The Magistrate Judge found that the affidavit was not so lacking in indicia of probable cause so as to render a belief in its existence objectively unreasonable. After a *de novo* review, this Court agrees. The showing necessary to support good-faith reliance on an inadequate warrant is less demanding than the showing necessary to establish probable cause. *United States v. Washington*, 380 F.3d 236, 241 (6th Cir. 2004). "Thus, it is entirely possible that an affidavit could be insufficient for probable cause but sufficient for 'good-faith' reliance." *Id*. Here, the underlying affidavit states that the affiant received information from a reliable informant. This information was subsequently corroborated when the officers observed Defendant drive to a nearby location to sell heroin to a confidential source and then return to his residence after the transaction.

## **CONCLUSION**

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation. Defendant's Motion to Suppress, ECF No. 17, is **DENIED**.

**IT IS SO ORDERED** this 21st day of June, 2017.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge